IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MUNCK WILSON MANDALA LLP, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | No.3:22-cv-1657-M |
| | § | |
| MARK D. JORDAN, SCOT | § | |
| FLORSHEIM, LOUANN HALL, LAURA | § | |
| MACZKA-JORDAN, JP-BANNER, LP, | § | |
| JP-BANNER GP, LLC, SOONER | § | |
| NATIONAL PROPERTY | § | |
| MANAGEMENT, LP, JP REALTY | § | |
| PARTNERS, LTD., and BANNER | § | |
| INVESTORS, LLC, | § | |
| Defendants. | § | |

**ORDER GRANTING PLAINTIFF'S EX PARTE
<u>MOTION FOR EXPEDITED DISCOVERY</u>**

Plaintiff Munck Wilson Mandala, LLP, under Federal Rule of Civil Procedure 26(d), has filed an Ex Parte Motion for Expedited Discovery [Dkt. No. 14], requesting an order allowing Plaintiff to seek expedited discovery from Defendants Mark Jordan ("Jordan"), JP-Banner, LP ("JPB"), and Sooner National Property Management ("Sooner") to preserve evidence before it is made unavailable by the imminent incarceration of Jordan. *See* Dkt. No. 14 at 1.

For the reasons and to the extent explained below, the Court GRANTS this motion.

"Under Federal Rule of Civil Procedure 26(d)(1), a party 'may not seek discovery from any source before the parties have conferred as required by Rule 26(f),

-1-

except ... [when authorized by these rules, by stipulation, or] by court order.'" *Fiduciary Network, LLC v. Buehler*, No. 3:15-cv-808-M, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015) (quoting FED. R. CIV. P. 26(d)(1)). A majority of district courts within the Fifth Circuit – including this one, *see Talon Transaction Techs., Inc. v. StoneEagle Servs., Inc.*, No. 3:13-cv-902-P, 2013 WL 12172925, at *2 (N.D. Tex. May 14, 2013) – have adopted a "good cause" standard to determine whether to authorize expedited discovery, *see ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016); *see also Document Operations, L.L.C. v. AOS Legal Techs., Inc.*, No. 20-20388, 2021 WL 3729333, at *4 (5th Cir. Aug. 23, 2021) ("Under Federal Rule of Civil Procedure 26(d), '[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.' In the Southern District of Texas – where this case originated – courts employ a good cause standard to determine when to exercise their authority to order expedited discovery. *See Dallas Buyers Club, LLC v. Ripple*, No. H-14339, 2015 WL 1346217 at *1 (S.D. Tex. Mar. 23, 2015).").

"In a 'good cause' analysis, a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) (quoting *Ayyash v. Bank Al-Madina,* 233 F.R.D. 325,

327 (S.D.N.Y. 2005) (emphasis omitted)). Depending on the facts of the case, courts have identified several relevant factors, including "the breadth of the discovery requests, the purpose for requesting expedited discovery, [and] the burden on the defendants to comply with the requests." *ELargo*, 318 F.R.D. at 63. And, as another judge in this circuit has explained,

> Federal Rules of Civil Procedure 34(b) and 26(d) allow a party to seek expedited discovery, and the Fifth Circuit has permitted such discovery in certain circumstances. *See, e.g.*, *FMC Corp. v. Varco Int'l, Inc.*, 677 F.2d 500, 501 (5th Cir. 1982) (affirming district court's order authorizing expedited discovery before a hearing on a preliminary injunction); *Quilling v. Funding Resource Group*, 227 F.3d 221, 233 (5th Cir. 2000) (affirming a district court's order of expedited discovery). Although the Federal Rules do not provide a standard for the Court to use in exercising its authority to order expedited discovery, courts generally use either a "preliminary-injunction-style analysis" or the "good cause standard" to determine whether a party is entitled to conduct expedited discovery. *See, e.g.*, *Greenthal v. Joyce*, No. 4:16-CV-41, 2016 WL 362312, at *1 (S.D. Tex. Jan. 29, 2016). The Fifth Circuit has not expressly adopted either standard, but several district courts within the Fifth Circuit have used the good cause standard. *Id.* "In determining whether good cause exists, courts often consider '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.' " *Id.* at *2 (quoting *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011) ). The burden of showing good cause is on the party seeking the expedited discovery, and the subject matter related to requests for expedited discovery should be narrowly tailored in scope. *St. Louis Grp.*, 275 F.R.D. at 240.

*Accruent, LLC v. Short*, No. 1:17-cv-858-RP, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017).

The Court finds that Plaintiff has shown, under the particular circumstances

here, good cause to propound the proposed discovery requests before a Rule 26(f) conference and to seek this relief ex parte, where "no Defendant has yet appeared in this case and therefore Plaintiff has been unable to confer with Defendants or their counsel regarding their position on this relief." Dkt. No. 14 at 10.

As Plaintiff asserts, "good cause exists because Jordan's pending imprisonment will severely limit, if not eliminate, Plaintiff's ability to obtain meaningful discovery from the individual [allegedly] at the center of the conspiracy." *Id.* at 5. And Plaintiff has persuasively shown that the proposed "written discovery to Jordan, Sooner, and JPB is narrowly tailored to the production of documents in Jordan's possession, custody, and control"; that, where another court has found that "Jordan uses company accounts which he controls to perpetrate fraud," it is possible that "a significant portion of relevant evidence will include communications, bank statements, invoices, payment receipts, and other financial information which are personal records in the possession, custody, and control of Jordan" and that, "[a]bsent early discovery, Jordan's personal electronic devices and documents may be moved, lost, destroyed, or otherwise inaccessible during his incarceration"; that "the requests are for documents that Jordan, JPB, and Sooner [likely] would have to produce in the ordinary course of discovery but may not be able to produce if the requests are served after Jordan's incarceration"; and that Plaintiff's "request is reasonable because of the pending circumstances surrounding Jordan's incarceration" – where "Plaintiff does not seek to shorten the time to respond under [Federal Rule of Civil Procedure] 34, nor does it

seek information it would not otherwise be entitled to" but rather "requests relevant information in the possession and control of the [alleged] conspiracy's key player, Jordan, before he goes to prison on October 24 [, 2022]." Dkt. No. 14 at 5-7.

Finding good cause, the Court orders that, by no later than **Monday, August 29, 2022**, Plaintiff may serve discovery requests on Defendants Mark Jordan, JP-Banner, LP, and Sooner National Property Management, LP that are substantially the same as those discovery requests that Plaintiff attached to its motion; that Plaintiff must serve Defendants Mark Jordan, JP-Banner, LP, and Sooner National Property Management, LP with the discovery by mailing it to their last known address or by any other means that the parties may agree to in advance; and that Defendants Mark Jordan, JP-Banner, LP, and Sooner National Property Management, LP shall respond to the requests within 30 days of service.

Plaintiff also contends that, "[i]n the absence of expedited discovery, the Court should order Jordan to preserve information in his control so that it can be obtained during discovery." Dkt. No. 14 at 8. Because the Court is granting Plaintiff's requested expedited discovery, the Court declines this alternative request.

SO ORDERED.

DATED: August 23, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE